CHITTENDEN,
January,
1829.

## JAMES SUTTON *vs.* JOHN BEACH.

One cannot justify the seizing and impounding a stallion by virtue of the 10th section of the "act relating to pounds, estrays and lost goods," without showing that the horse was afterwards legally sold.

The notice of the sale of such horse, required by said act to be given by the person impounding the horse, must mention the *place* where the same is to be sold—otherwise the sale will not be legal, and the impounder will be a trespasser *ab initio*.

This was an action of *Trespass*, for seizing and carrying away a horse. Plea—*not guilty*, and notice of special matter to be given in evidence. At the trial in the County Court, at March Term, 1828, the plaintiff proved the taking and carrying away, by the defendant, of the horse in question, as alleged in the declaration. The defendant, in his defence, offered to prove that

CHITTENDEN,
January,
1829.

Sutton
vs.
Beach.

at the time of said taking, the horse was a stone horse or stallion, two years old some time in the Spring in which he was sold; of which the plaintiff was owner and keeper—That the plaintiff suffered said horse to run at large, out of the enclosed ground of the plaintiff, and that the defendant having found the said horse running at large and doing damage to him, impounded him, and that twenty-four hours after impounding, he gave notice thereof to the plaintiff—That the defendant, within three days after said notice, caused the damages to be appraised according to the statute—That the plaintiff, within three days after, was notified of the appraisal, and that he neglected and refused for three days or more, after both of said notices, to pay to the defendant the amount of said damages, together with the expenses, &c. The defendant contended that these facts would constitute a good defence to the action. But the Court ruled otherwise, and were of opinion that the defendant must also shew a legal sale of the horse. Whereupon the defendant offered further to prove that he had advertised the horse for sale, for four days, at the school house, in the town of *Williston*, and, at the time set for sale, sold said horse at the barn-yard of the defendant. But it appearing that the *place* of sale was not mentioned in the advertisement, the evidence was rejected by the Court.

The defendant then offered to prove, that the plaintiff neglecting to pay said damages and costs, the defendant advertised the horse for sale, at least four days, at the same place where it was afterwards sold, but at a time previous to the time set in the advertisement; which advertisement was torn down by some person unknown to the defendant. Whereupon the defendant omitted to sell on the day set, but posted up a second advertisement. The defendant also offered to prove that the plaintiff knew of the time and place of sale, and employed an agent to attend the sale; who did attend and bid off the horse for the plaintiff. To the admission of all which evidence the plaintiff objected, and the same was excluded by the Court, and a verdict was returned for the plaintiff.

The defendant filed exceptions to the foregoing opinions of the Court; and the cause now came before this Court on a motion for a new trial, founded on said exceptions.

*The counsel for the plaintiff* contended, That the advertisement was void, because it did not mention the place of sale. It was put up at the *school house*, and the property was sold at the defendant's *barn yard.*—*Statute, p.* 453, *s.* 10, and *p.* 450, *s.* 1.

CHITTENDEN;
January,
1829.

Sutton
vs.
Beach.

2. This defect could not be cured by *Sutton's* having notice of the place of sale. The advertisement is intended to give notice to all, that any one may, if he chooses, come in and bid.

3. And *Beach*, neglecting to pursue the steps pointed out by the statute, was a trespasser *ab initio*. " If a sheriff have not returned a writ, which ought to have been returned, he becomes a trespasser from the beginning, as to every act done under it."—2 *Swift's System*, 96.—5 *Dane*, 556. Whenever an authority is given by law, to a person, and he abuses it, he is a trespasser *ab initio*. *Purrington* vs. *Loring*, 7 *Mass.* 388.—*Sackrider* vs. *McDonald*, 10 *Johns. Rep.* 253.—*Van Brant et al* vs. *Schenck*, 13 *Johns.* 414.—*Merrit* vs. *O'Neil*, 13 *Johns.* 477.

*The Counsel for the Defendant* contended, 1. That the taking, impounding, appraisal of the damages, and notice to the owner, so far divested the owner of the possession of the property taken, that he cannot maintain trespass ; and that it was not necessary to shew any sale. *Smith* vs. *Miller*, 1 *T. R.* 480.

2. A mere *nonfeasance*, or irregularity in the proceedings, will not make the defendant a trespasser *ab initio*. *Gardner* vs. *Campbell*, 15 *Johns. Rep.* 401.—1 *Chitty's Pl.* 172.—1 *Swift's Dig.* 528. Where the original taking is lawful, the subsequent act must be such as to injure the plaintiff, in order to make the defendant a trespasser *ab initio*. *Hammond's N. P.* 53–4, 57–8, 58–9.

3. If there was any defect in the advertisement, it was cured or waived by the plaintiff's attendance at the sale, and bidding by his agent.

4. The second advertisement, connected with the fact that the horse was sold at the place mentioned in the first, in the presence of, and to, the owner, was a continuance of the first advertisement, and the whole was but one advertising.

5. The proceedings were all regular and legal. The omission to state the *place* of sale in the advertisement was not material. The impounder, after the appraisal of damages, notice and advertisement, is authorised to sell. By these proceedings the owner is divested of all interest in the property, and the direction in the statute to advertise, being general, not in terms requiring the *place* of sale to be mentioned, he cannot complain, unless *his* interests are affected by the omission. The first object of the act is to satisfy the damages and the expense of the impounder, and next to secure the surplus to the town. In neither case has the

CHITTENDEN,
January,
1829.

Sutton
vs.
Beach.

defendant any interest. So far then as the owner is concerned, there is no reason for requiring the place of sale to be advertised, and hence this requisition is omitted in the statute. The statute directing the mode of selling property on execution, requires the place of sale to be particularly advertised, because the owner has an interest in the sale. *Stat.* 209. Also in the sale of real estate at auction by execution. *Statute* 343—*Sec.* 9.

6. The defendant contends that he must necessarily sell where the horse was impounded—That he had no authority to sell elsewhere, and, of course, the place of sale must have been known by the plaintiff to be at the pound.

The opinion of the Court was delivered by

PADDOCK, J. Two questions are raised by this case; *first,* whether the advertisement wherein was set forth the time the horse was to be sold, ommitting the place, was legal; *secondly,* whether the sale under such notice, would make the defendant a trespasser *ab initio.*

The only object in advertising property for sale, is to give notice to those who may wish to purchase, of the time, and place where, the same will be offered; and without specifying both, neither the spirit nor intent of the statute is complied with. The statute is to have a reasonable construction; and if one part might be dispensed with to suit one case, another part might be to favor some other, and so on, until the whole statute would be frittered away. The *time* might be better omitted than the *place* where a sale is to be made; for if the *time* were omitted, one intending to purchase could employ another to give him notice when the article was set up : but the *place* being omitted, he could employ no means to be informed.

I recollect a case before the Supreme Court in *Essex* County, in 1822, *Clark* vs. *Balch,* in which this same question was decided. The case was this : *Clark,* being a private in a militia company, had neglected to appear on a day appointed for training, and was fined, and an execution issued, and was put into the hands of *Balch,* the orderly sergeant of the company, for collection, who levied the same on a horse belonging to the delinquent; adversised the same for sale, and sold after the usual time of notice.

The delinquent then brought his action of trespass against *Balch,* and on the trial, it appeared, that after the advertisement had been posted up four days, it was discovered that the place of sale had not been mentioned ; and it was then supplied by the of-

CHITTENDEN,
January,
1829.

Sutton
vs.
Beach.

ficer ; and the sale was made in ten days after, and was adjudged by a full court to be irregular ; and the plaintiff recovered.

It is urged that the plaintiff has no reason to complain, as he knew the time and place of sale, and actually sent an agent and bid the property off. That can make no difference here, whatever it might do on the minds of the jury, in assessing damages. The question is, whether the property was legally disposed of or not : if legally, the plaintiff is divested of all right and interest in it : but if not, he has his claim against the defendant who seized it : and whether that claim can be prosecuted in an action of *trespass*, or not, is our next enquiry.

It is urged by the defendant, that trespass will not lie in the present case ; that the first taking being lawful, a subsequent irregularity in the disposition of the property, will not make the seizor a trespasser *ab initio*. The case cited from the 15 *Johnson, Gardner* vs. *Campbell*, does not tend to support this position. That was an action of replevin for certain goods taken on execution by an officer, who afterwards, having received the money of the execution debtor, to the full amount of the execution, and having given a receipt for the same, proceeded and sold the goods. The case was submitted to the Court upon a demurrer to these facts. *Judge Spencer*, in delivering the opinion of the Court, said, " that the pleas admit the original caption to be lawful, and, therefore, replevin did not lie." He virtually admitted, that where the original taking was lawful, and afterwards the officer committed *a mere nonfeasance*, such as a refusal to deliver an article distrained, trespass would not lie : but did expressly recognize the case of *Hopkins* vs. *Hopkins*, reported in 10. *Johns.* 269, as being law, which goes fully to establish the contrary of the doctrine contended for here by the defendant.

In the *Six Carpenters* case, 8 *Co.* 290, it was ruled, " that when entry, authority or licence is given to one by the law, and he abuses the same, he shall be a trespasser *ab initio :* but where entry, authority or licence is given by the party, and he abuses it, there he shall be punished for the abuse, but he shall not be said to be a tresspasser *ab initio*." And the same principle was established in the case of *Reynolds* vs. *Champerton*, *Cro. Charles*, 228. All the Court were of opinion, that to prevent the plaintiff from fishing in the defendant's fishery, he might legally distrain the plaintiff's nets and oars *damage feasant*, to stop his further fishing ; but in cutting them, made himself a trespasser *ab initio*,

CHITTENDEN,
January,
1829.

Sutton
vs.
Beach.

And where a lawful taking is not followed by some positive act, by which the interest of the owner, or the property itself, is partially or wholly destroyed; but by an irregularity in the disposition of the same; as for instance, not removing the property with reasonable dispatch—the distrainer makes himself a trespasser *ab initio*. *Griffin* vs. *Scott*, 2. *Ld. Ray.* 1424. To satisfy ourselves of which, we hardly need any other evidence than the Statute of 11*th Geo.* II. which provides " that where any " distress has been made for rent, and any irregularity, or unlaw- " ful act shall be afterwards done by the party distraining, the dis- " tress itself shall not therefor be deemed unlawful, nor the par- " ty making it, be deemed a trespasser *ab initio* ; but the party ag- " grieved by such unlawful act or irregularity, shall and may re- " cover full satisfaction for the *special damage* he shall have sus- " tained thereby, and no more, in an action of trespass or on the " case, at the election of the plaintiff." And in *Winterbourne* vs. *Morgan and others,* 11 *East,* 395, though the distress was for rent, yet the defendants, remaining in possession for fifteen days, during the last four of which they were removing the goods which were afterwards sold under the distress, the law giving but five days for that purpose, were adjudged trespassers *ab initio.*

It is evident from the wording of the above act of 11th Geo. II, and more especially its preamble, that it was a remedial and not an explanatory act; for the latter recites the hardship upon landlords, against whom damages, as trespassers *ab initio,* had been recovered to the amount of the rent due for which the distress had been made, on account of some irregularity or tortious act in the disposition of the distress taken. To relieve them from such conclusions of the law, the 19th section enacts " that where any distress has been made &c." before recited.

And *Sir William Blackstone*, in his Commentaries (3 vol. p. 15) admits, that before the passage of this Statute " if any one irregularity was committed, it vacated the whole, and made the distrainors trespassers *ab initio*."

And the same principle has been recognized by the Sup. Court in *Massachusetts*, in the cases of *Purrington* vs. *Loring*, 7. *Ms. R.* 388, and *Winslow* vs. *Loring*, 7. *Ms.* 392, In the former case, the property being distrained on a warrant, was advertised but *twenty four hours* before sale; whereas, the law required it to have been *four days*. In the latter, an article having been sold on execution, the purchaser refused to pay for it, and the officer consented to set it up again; and it was bid off at a less price than.

it was at first. And for those irregularities, the officer in both cases was adjudged a trespasser *ab initio.*

Thus stood the law anciently, and it has not been departed from in later days; and if this Court is governed either by precedent or principle, they must decide in favor of this form of action, in the present case.

The defendant further contends, that the law appoints the sale to be made in this case, at the place where the horse was impounded; and hence it is not necessary to notice the place in the advertisement. Such does not seem to be the letter of the Statute; and the policy of the law requires every publick sale to be made in a place more publick than the stable of a private individual.

The court are of opinion, that the evidence offered by the defendant was properly excluded; therefore, the judgment of the County Court must be affirmed.